**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **2004 LAMBORGHINI MURCIELAGO VIN** ) | |
| **# ZHWBU16S64LA01275;** ) | |
| **$6,100.00 in UNITED STATES CURRENCY;** ) | |
| **2007 MERCEDES BENZ S-550 VIN** ) **Civil Case No. 07-1512 (RJL)** |
| **#WDDNG71X07A086619;** ) | |
| **2007 MERCEDES BENZ GL 450 VIN #** ) | |
| **4JGBF71E87A191614;** ) | |
| **CITIBANK CHECKING ACCOUNT** ) | |
| **#151875564 CONTAINING $2,569.04 (more** ) | |
| **or less);** ) | |
| **CITIBANK CHECKING ACCOUNT** ) | |
| **#152070827 CONTAINING $485,952.00** ) | |
| **(more or less);** ) | |
| **WELLS FARGO CHECK 0648300450 for** ) | |
| **$191,971.74 from ACCOUNT 6294596132,** ) | |
| ) | |
| _____**Defendants.**_____ ) | |

**Claimant: Zhenli Ye Gon**

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO CLAIMANT'S MOTION TO DISMISS

The United States of America, by and through its undersigned attorneys, respectfully opposes Claimant Zhenli Ye Gon's (Ye Gon) Motion to Dismiss. The Government timely filed a civil complaint that alleges, on its face, a reasonable belief that the property is subject to forfeiture and because the complaint meets the requirements delineated in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Therefore, Claimant's motion should be denied.

### ARGUMENT

When reviewing a Rule 12(b)(6) motion to dismiss, the court must construe, "all reasonable factual inferences...in plaintiff's favor, and all allegations in the complaint are presumed true." Proof v. Howard University, 2007 U.S. Dist. LEXIS 60762, 8 (D.D.C. 2007) (citing Maljack Prods., Inc.,

1   v. Motion Picture Association of America, Inc., 311 U.S. App. D.C. 224 (D.C. Cir. 1995)).  For a

2   claim to survive a motion to dismiss, "the factual allegations of the plaintiff 'must be enough to raise

3   a right to relief above the speculative level.'"  Proof, p. 8 (quoting Bell Atl. Corp. v. Twombly, 127

4   S. Ct. 1955, 1965).

5           Claimant argues that this Court ought to dismiss the Government's civil claim against

6   defendant properties pursuant to Rule C(2) and Rule E(2) of the Supp. Rules for Admiralty or

7   Maritime Claims and Asset Forfeiture Actions (Rule C and Rule E).  These rules provide for a

8   heightened pleading requirement for "all allegations required by the statute" and "particularity that the

9   defendant or claimant will be able . . .to commence and investigation of the facts and to frame a

10  responsive pleading. . ." (Rule C(2)(d)(iii) and Rule E(2)(a) (West 2006)).  Because this action was

11  filed after December 1, 2006, this case is governed by Rule G of the Supp. Rules for Admiralty or

12  Maritime Claims and Asset Forfeiture Actions (Rule G), and not Rules C and E.  Rule G "governs a

13  forfeiture action in rem arising from a federal statute."  Rule G(1).  Rules C and E apply only "to the

14  extent that [Rule G] does not address an issue."  Rule G(1).

15          The United States' complaint in the instant case satisfies the requirements of Rule G.   The

16  Plaintiff has the Governments' complaint which identifies the property subject to forfeiture and sets

17  forth a strong factual basis detailing the likelihood that the proceeds are derived from criminal activity,

18  as required under Rule G(2)(f).  There are statements from a co-conspirator that the Claimant stated

19  the money was from drug traffickers and he was forced to launder these funds.  See Complaint, p. 8.

20          Even if Rule C(2) controlled, the Government's complaint satisfies the requirements.  Along

21  with the civil complaint, the Government filed a verified statement by the DEA case agent declaring

22  under penalty of perjury that the facts are true.  See Pl. Complaint for Forfeiture in Rem, attachment

23  2. As noted above, the Government described with reasonable particularity the property that is subject

24  of the action, thus allowing Claimant to come forward with his claim to the defendant property and

25  has alleged sufficient facts to support a reasonable belief, especially when reviewed in a light most

26  favorable to the non-moving party, that the defendant properties are subject to forfeiture.  Moreover,

2

the requirement in Rule C(2)(c) that the property be located in the district where the action is pending does not apply because, "A civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture may be prosecuted in the district where it accrues or the defendant is found." 28 U.S.C.§1395(a).  The criminal case against Ye Gon and a co-conspirator has been filed in Washington, D.C.,(U.S. v. Ye Gon, 07-181 EGS, U.S. v. Wong, 07-211 EGS) thereby making this Court the proper venue for this civil complaint.

Prior to the promulgation of Rule G, the applicable "particularity" requirement for the complaint was set forth in Rule E(2)(a).  So long as the complaint satisfies the particularity requirement in Rule E(2)(a), the Government need not show probable cause to forfeit property.  U.S. v.$200,255.00 in U.S. currency, more or less, 2006 U.S. Dist. Lexis 40049, 26-27 (M.D. Ga 2006); U.S. v. Lopez-Burgos, 435 F.3d 1, 2 (1st Cir. 2006).  At least one court has held that in the post Civil Asset Forfeiture Reform Act (CAFRA) era, the Government's complaint must "allege sufficient facts to support a reasonable belief that the property is subject to forfeiture." U.S. v. Mondragon, 313 F.3d 862, 865 (4th Cir. 2002).  Applying the Mondragon standard to the instant case (by analogy because there are no cases on point), the Government has met the reasonable belief standard that the defendant properties are the proceeds of crime and therefore likely to be forfeited in this civil judicial case because it alleges facts that link the defendant properties to proceeds of crime, more so when viewed in a light most favorable to the non-moving party.  This is the same standard articulated in Rule G(2)(f) ("The complaint must: state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.").  According to 18 U.S.C. 983(a)(3)(D), "No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property."

Plaintiff's complaint also meets the other requirements listed under Rule G: it states the grounds for jurisdiction, (See  Pl. Complaint for Forfeiture in Rem at p. 2); it describes the property with reasonable particularity by giving the account numbers and the vehicle identification numbers (See Id. at p. 1-2), it states the location where it was seized and is currently located (See Id. at p. 2-3);

3

it identifies the statutes under which the action is brought, (See Id. at p. 10); it provides sufficient facts to support a reasonable belief that the government will be able to meet its burden of proof at trial (discussed *supra*); and it contains a statement of verification from the case agent (discussed *infra*).

The Claimant appears to argue that because the defendant property has been named in a criminal indictment against the Claimant and he is properly contesting said forfeiture, there is no need for the Government to file this civil action. See Claimant's Mot. Dismiss at p.2. This argument is erroneous. The Government has the discretion to pursue criminal and civil forfeiture simultaneously. According to 18 U.S.C.§ 983(a)(3)(C), "[i]n lieu of, *or in addition to*, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment." (Emphasis added). According to the law, the Government may continue parallel proceedings against the defendant properties. If the defendant properties are forfeited in the criminal case, then the Government will move to strike those properties from this action.

## CONCLUSION

Because Plaintiff has complied with the rules necessary to file this civil forfeiture complaint and venue is proper in this court, the Plaintiff respectfully requests this Court deny Claimant Ye Gon's motion to dismiss the complaint.

Respectfully submitted,

RICHARD WEBER, CHIEF
ASSET FORFEITURE AND
MONEY LAUNDERING SECTION


_____/s/_____
LINDA M. SAMUEL, DC BAR #388970
ROBERT STAPLETON, NY BAR #4076568
U.S. Department of Justice
Criminal Division
Asset Forfeiture and
 Money Laundering Section
1400 New York Avenue, N.W., Suite 10100
Washington, D.C. 20530
(202) 514-1263

Attorneys for Plaintiff United States

4