**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| The United States of America | ) | |
| | ) | |
| Claimant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 2004 LAMBORGHINI MURCIELAGO VIN | ) | |
| #ZHWBU16S64LA1275; | ) | |
| $6,100.00 in UNITED STATES CURRENCY; | ) | |
| 2007 MERCEDES BENZ S-550 VIN | ) | |
| #WDDNG71X07A086619; | ) | Civil Case No. 07-cv-1512 (RJL) |
| 2007 MERCEDES BENZ GL 450VIN # | ) | |
| 4JGBF71E87A191614; | ) | |
| CITIBANK CHECKING ACCOUNT | ) | |
| #151875564 CONTAINING $2,569.04 (more | ) | |
| or less); | ) | |
| CITIBANK CHECKING ACCOUNT | ) | |
| #152070827 CONTAINING $485,952.00 (more | ) | |
| or less); | ) | |
| WELLS FARGO CHECK 0648300450 for | ) | |
| $191,971.74 from ACCOUNT 6294596132, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT**
**OF THE CLAIMANT'S MOTION TO DISMISS THE GOVERNMENT'S COMPLAINT**
**FOR FORFEITURE *IN REM***

**I.    INTRODUCTION**

Rule G was not designed to circumvent Supplementary Rule E(2)'s well-established

heightened pleading requirement in instances where Rule E(2) is applicable.  Although it is true

that Supplemental Rule G only requires a civil forfeiture complaint to "state sufficiently detailed

facts to support a reasonable belief the government will meet its burden of proof at trial" (Govt.

Opp.  at 1), Rule G does not govern *all actions* and even if this Court were to find that it is

applicable to the instant case, the factual basis for the Government's Complaint is inadequate to

support a "reasonable belief," as the Government's alleged facts fail to state illegal activity

occurred in the United States such that the initial seizure of the defendant properties was ever

proper.  Since the only "reasonable belief" that may be derived from the Government's factual

proffer are possible violations of Mexican law, the Zhenli Ye Gon ("Claimant") submits the

seizures of funds and property in the U.S. were improper under § 881.  With respect to § 981,

there are no facts showing the defendant properties are traceable to the alleged violation of

Mexican law.

## II.     BACKGROUND OF THE CASE

On August 24, 2007, the United States of America, filed a Verified Complaint For

Forfeiture-In-Rem in this case.  The Government has alleged that the defendant properties were

proceeds traceable to a violation of 18 U.S.C. § 2339C, which prohibits and therefore should be

forfeited to the United States of America pursuant to 18 U.S.C. § 981(h).[1]  The Government also

alleges that the defendant properties consist of proceeds traceable to exchanges of controlled

substances in violation of Title II of the Controlled Substance Act, 21 U.S.C. § 801, et seq. and

are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).  The Government

finally alleges that the defendant properties were involved in transactions or attempted

transactions, in violation of §§ 1956 and 1957 of Title 18, U.S.C. §981(a)(1)(A).

On September 27, 2007, the Claimant filed a Motion to Dismiss the Government's

Verified Complaint for Forfeiture *In Rem* and in said motion asserted his lawful ownership of the

defendant properties and his intent to challenge the instant action.  The Claimant incorporates by

reference, all supporting arguments in his September 27, 2007 filing.

---

[1]  Nowhere in the Verified complaint for Forfeiture *in Rem* does it allege that the defendant had any connection with terrorism.

**III.    THE GOVERNMENT'S FACTUAL PROFFER IS INSUFFICIENT UNDER SUPPLEMENTARY RULE E(2) OR G.**

The Government has taken the position that Rule G's "reasonable belief" standard is that which should be applied to this case because, "Rule G governs a forfeiture action *in rem* arising from a federal statute." Rule G, however, also provides that "to the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply."[2] While the Claimant submits the heightened pleading standard of Supplementary Rule E(2) should be applied to this case, even if the Government's factual proffer was applied, it is *still* inadequate and insufficient to state a claim upon which relief can be granted under either Rule E(2) or G.

To sum up the Government's complaint, the only information it provided in support of its forfeiture claim, is (1) that it had a search warrant at the time of the seizure;  (2) the values of the defendant property;  (3) that an ongoing investigation has been conducted by the DEA in Mexico City and the Mexican Attorney General's Organized Crime Unit; (4) that the Claimant imported into Mexico pharmaceutical precursor drugs (which he was legally authorized to posses via licenses from the Mexican Government); (5)  that his pharmaceutical company UNIMED (which was also properly licensed by the Mexican government), produced products such as Albuterol

---

[2]  In its opposition, the Government impliedly asks this Court to adopt and apply the Fourth Circuit's "general standard" requirement that a complaint brought under Rule E(2)(a) "must allege sufficient facts to support a reasonable belief that the property is subject to forfeiture" (U.S. v. $200,255.00, 2006 U.S. Dist. LEXIS 40049, *25 (June 16, 2006)) to the facts of the instant case.  Govt. Opp. at 3.  The Claimant points out, however, that at least one Court has held that this new standard "is inconsistent with the statute [18 U.S.C. § 983] to also require the Government to allege in the complaint sufficient facts to establish that the property is subject to forfeiture."  Id. at *28 (citing the First Circuit's application of Rule E(2)(a) on a civil asset forfeiture motion to dismiss and not adopting the "reasonable belief" standard).  See U.S. v. Lopez-Burgos, 435 F.3d 1, 2 (1st Cir. 2006).  What appears to be a consistent finding in several courts, is that the Government "need not show probable cause" on a motion to dismiss.  What has not been consistently adopted by the circuits is the 4th Circuit's "reasonable basis" standard.  As such, even though "prior to the promulgation of Rule G, the applicable "particularity" requirement for the complaint was set forth in Rule E(2)(a)" (Govt. Opp. at 3:7-8) this requirement is still appropriate to apply herein.  To the extent this Court finds Rule G is applicable to this case, the Government has failed to "establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).

inhalers;  (6) that clandestine methamphetamine laboratories have skyrocketed over the past three years; (7) that Unimed had no authority to import a shipment on Dec. 5, 2006 named Hydroxe-Benzye-N-Methyl-Acetethamine *into Mexico* and infers the substance was actually "N-acetylpseudoephedrine";  (8) on April 26, 2007, the DEA traveled to the Unimed Plant in Mexico to analyze the chemicals in the plant, which tested positive for ephedrine (a chemical UNIMED was authorized to import); and (9) unsubstantiated and supposed wild accusations from the Claimant's girlfriend and mother of his one-year old child.

While these allegations are intended to support the Government's forfeiture claims herein, they merely restate unsupported inferences from conclusions taken from the related case 07-181, and fail to establish (1) that any U.S. laws were violated or (2) that there is a substantial connection between the seized property and the alleged illegal activity.  Caselaw supports the Claimants contentions.

First, in a case similar to the instant one, where the Government has essentially incorporated by reference a DEA affidavit into its complaint, (see Govt. Compl. at 2) a district court from New Mexico held that an original complaint that summarized the contents of a DEA "Report" *and* an amended complaint that merely incorporated by reference the same DEA report, was "unpersuasive hypertrophy" and granted the Claimant's motion to dismiss.  See United States v. $31,000, 740 F. Supp 803, 804 (D.N.M. 1990).

In the instant case, the Government's 11-page complaint does nothing more than present the contents of DEA officer Chavez' affidavit from the related case 07-181.  The Government's complaint does not specify any date or location of any purported or intended exchange of controlled substances, nor does it specify a dollar amount of any such an exchange, nor does specify the quantity of that controlled substance; and, of course, it fails to identify any

participant.  Applying the district court of New Mexico's logic, the Government's complaint

fails to satisfy Rule E(2)(a)'s requirements and as such, should be dismissed.  Even if this Court

deems Rule G applicable, (a rule the New Mexico Court did not, because it could not, consider)

the Claimant submits that the Government's facts are still inadequate to support a "reasonable

belief" the alleged illegal activity occurred *in the United States* and violated its laws such that

seizure of the defendant properties was even proper.

Second, although § 981 refers to "[p]roceeds traceable to a drug transaction" this

language does not preclude the requirement that the property have a substantial connection to

illegal drug trafficking.  See United States v. A Single-Family Residence, 803 F. 2d 625 (11th

Cir. 1986).[3]  In particular, with regard to seized vehicles, courts have made clear that "to be

forfeited, a vehicle must have some substantial connection to, or be instrumental in, the

commission of the underlying criminal activity which the statute seeks to prevent. In other

words, it is appropriate in every forfeiture case to ask whether the use of the car as established by

the record is so connected with the allegedly illicit [activity] as to subject the car to forfeiture."

United States v. One 1972 Datsun, 378 F. Supp. 1200, 1204 (D.N.H. 1974) (internal citations

omitted).  In the instant complaint, no facts have been presented to connect the vehicles seized in

*Nevada* with the alleged conduct occurring in *Mexico*.  There is simply no adequate connection

between the seized property and the alleged conduct to claim that any of the seized property is

"traceable" to such conduct.

Finally, in United States v. $30,354.00 in United States Currency, the district court for

the western district of Kentucky held that  "civil forfeiture is properly considered punishment"

---

[3]  "The 'substantial connection' requirement is not found in the statute, but rather in its legislative history, which indicates that, because of the penal nature of forfeiture statutes, 'it is the intent of these provisions that property would be forfeited only if there is a substantial connection between the property and the underlying criminal activity which the statute seeks to prevent.'" United States v. Single Family Residence & Real Property, 803 F.2d 625, 628 n. 1 (11th Cir. 1986)

(863 F. Supp. 442, 446 (D. Ky. 1994)) and "[t]his reasoning dictates that civil forfeiture may not be used in cases in which punishment is not warranted, i.e. when the government has not proven by a preponderance that a violation of the narcotics statute has occurred." Id.  Additionally, it held that although § 881(a)(6) permits the forfeiture of money "intended to be furnished" in exchange for a controlled substance, the government must *still* prove that there was an underlying controlled substance violation.  "By express reference to 'violation of this subchapter,' the statute establishes the necessity of proving the underlying narcotics violation in order to forfeit 'derivative contraband,' items, like currency, that are otherwise legal but become forfeitable because they are used in connection with a crime."  863 F. Supp. at 446.

Again, the government's facts fail to even approach establishing a "reasonable belief" that any of the Claimant's alleged acts were in violation of U.S. controlled substance laws.  The government's facts allege no more than a possible violation of Mexican import laws.  Nothing in the Government's factual proffer establishes predicate offenses upon which forfeiture was based.  As such, its complaint should be dismissed.

In short, both Supplementary Rules E(2) and G require that the Government establish a ***substantial connection*** between the seized property and the alleged illegal activity.  Because the Government's complaint presents no facts to connect the alleged activity to the seized property, it should be dismissed.

## CONCLUSION

WHEREFORE, the Claimant respectfully requests this Court dismiss the Government's

Forfeiture Complaint as it fails to state a claim upon which any relief can be granted.

Respectfully Submitted on this 18th day of October, 2007,

**MARTIN McMAHON & ASSOCIATES**

BY _____/s/_____

Lisa D. Angelo, #491206
1150 Connecticut Ave. N.W., Suite 900
Washington, DC  20036
(202) 862-4356
(202) 828-4130
*Attorney for Claimant Zhenli Ye Gon*

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 18th of October, 2007, a copy of the foregoing Reply to the

Government's Opposition to the claimant's motion to dismiss the government's complaint for

forfeiture *in rem* was sent via electronic mailing to

Robert Stapleton, Esq.
Linda M. Samuel, Esq.
U.S. Department of Justice
1400 New York Ave., N.W., Suite 10100
Washington, DC 20530
(202) 514-1263
*Attorneys for United States*

/s/_____

Lisa D. Angelo