UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, :<br>　　　　　　　　　　　　　　　　　　　　:<br>　　v.　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　:<br>2004 LAMBORGHINI MURCIELAGO　:<br>　VIN # ZHWBU16S64LA01275;　　　:<br>$6,000.00 IN UNITED STATES CURRENCY :<br>2007 MERCEDES BENZ S-550　　　　:<br>　VIN # WDDNG71X07A086619;　　　:<br>2007 MERCEDES BENZ GL 450　　　:<br>　VIN #4JGBF71E87A191614;　　　　:<br>CITIBANK CHECKING ACCOUNT　　:<br>　NO.: 151875564 CONTAINING $2,569.04 :<br>　(more or less);　　　　　　　　　　　　:<br>CITIBANK CHECKING ACCOUNT　　:<br>　NO.: 152070827 CONTAINING $485,952.00 :<br>　(more or less);　　　　　　　　　　　　:<br>WELLS FARCO CHECK 0648300450 for :<br>　$191,971.74 from ACCOUNT #6294596132. :<br>　　　　　　　　　　　　　　　　　　　　:<br>　　　　Defendants.　　　　　　　　　　:<br>_____: | Case No. 07-cv-1512 (RJL) |

NOTICE OF RELATED CASE

　　　G. Allen Dale, counsel for claimant Michele Wong, pursuant to LCvR 40.5 (b)(3), hereby provides notice that the instant case is related to a criminal case in which claimant Michele Wong is the defendant - United States v. Wong, 1:07 cr 211 (EGS).

　　　The Local Rules provide:

> If a civil forfeiture proceeding is filed concerning a criminal defendant, or a defendant is charged in a criminal case while a civil forfeiture proceeding is pending concerning that defendant, the civil and criminal cases are to be deemed related.
> LCvR 40.5(a)(2).

The indictment, filed August 31, 2007, against Ms. Wong contains a criminal forfeiture action against the very same property listed in this civil action.[1]

The Local Rules also provide that ..

> At the time of filing any civil, including miscellaneous, action, the plaintiff or his attorney shall indicate, on a form to be provided by the Clerk, the name, docket number and relationship of any related case pending in this court or in any other United States Court. The plaintiff shall serve this form on the defendant with the complaint. Any objection by the defendant to the related case designation shall be filed and served with the defendant's first responsive pleading or motion.
> LCvR 40.5 (b)(2).

Apparently the attorneys for the government missed this Rule. And, while Ms. Wong has no opinion as to which Judge hears her case, it would seem that the same Judge should, for judicial economy at least, hear both. Regardless, in compliance with LCvR 40.5(b)(3), we feel compelled to notify the Court of the existence of the related case(s).

> Whenever an attorney for a party in a civil, including miscellaneous, or criminal action becomes aware of the existence of a related case or cases, the attorney shall immediately notify, in writing, the judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties. Upon receiving information from any source concerning a relationship between pending cases, the Clerk shall transmit that information in writing to the judges on whose calendars the cases appear and to all parties to the proceeding.
> LCvR 40.5(b)(3).

LCvR 40.5(c)(1) would have had the instant case assigned to Judge Sullivan had the government complied with LCvR 40.5(b)(2). Now that the cases have been assigned to different

---

[1] Another indictment against another claimant to the property at issue herein also has a criminal forfeiture action against the very same property. See United States v. Zhenli Ye Gon, 07-181 (EGS). The government designated Ms. Wong's case as a related case to Ye Gon.

Judges LCvR 40.5(c)(2) advises the judge with the later-numbered case to transfer the case to the Calendar Committee for reassignment to the judge hearing the earlier case.

                Respectfully submitted,

                _____/s/_____
                G. ALLEN DALE
                # 954537
                601 Pennsylvania Avenue, N.W.
                North Building - Suite 900
                Washington, D.C.  20004
                (202) 638-2900
                Fax:  (202) 783-1654
                gallendale@aol.com
                Counsel for Claimant Michele Wong