UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>  **Plaintiff,** )<br>)<br>v. )<br>)<br>**2004 LAMBORGHINI MURCIELAGO** )<br>**VIN # ZHWBU16S64LA01275;** )<br>**$6,100.00 in UNITED STATES CURRENCY;** )<br>**2007 MERCEDES BENZ S-550** )<br>**VIN #WDDNG71X07A086619;** )<br>**2007 MERCEDES BENZ GL 450** )<br>**VIN # 4JGBF71E87A191614;** )<br>**CITIBANK CHECKING ACCOUNT** )<br> **#151875564 CONTAINING $2,569.04** )<br>**(more or less);** )<br>**CITIBANK CHECKING ACCOUNT** )<br>**#152070827 CONTAINING $485,952.00** )<br>**(more or less);** )<br>**WELLS FARGO CHECK 0648300450 for** )<br> **$191,971.74 from ACCOUNT 6294596132;** )<br>**BANK OF AMERICA ACCOUNT** )<br>**# 004968432606 CONTAINING $406,855.05** )<br>**(more or less);** )<br>**WELLS FARGO ACCOUNT # 9397156952** )<br>**CONTAINING $12,511.48 (more or less),** )<br>)<br>  **Defendants.** )<br>_____)<br>**Claimants:  Michele Wong, Zhenli Ye Gon** )<br>_____) | Civil Case No. 07-1512 (EGS) |

## JOINT REPORT OF MEET AND CONFER

Plaintiff, the United States of America, through the undersigned attorneys, pursuant to this Court's order of November 7, 2007, hereby files this Joint Report of a conference held between counsel for all parties in this case. As an initial matter, it should be noted that this case is exempted from the conference requirements of Rule

26(f) and LCvR 16.3(d) by Rule 26(a)(1)(E)(ii) and LCvR 16.3(b), which specifically exempts "a forfeiture action *in rem* arising from a federal statute." However, in light of the Court's order and recognizing the value of conferring on these issues prior to litigation, a telephonic conference was held that included Department of Justice Trial Attorney Robert Stapleton, G. Allen Dale, Esq. and Richard M. Barnett, Esq., counsel for Claimant Michele Wong, and Lisa D. Angelo, Esq. of Martin F. McMahon & Associates, counsel for Claimant Zhenli Ye Gon. This report is being filed by counsel for all parties and report as follows:

    1. At the outset of the discussion, the Government notified both parties that it intends to file a motion to stay this proceeding pending the outcome of the criminal matter. Neither the Government nor Claimant Wong intend to file any dispositive motions in this case at this time. Claimant Ye Gon, however, intends to file a dispositive motion at the close of discovery.

    2. At this time, the Government anticipates adding additional assets, and because the notice period has not yet run, other claimants may still join this action. Both the Government and Claimant Wong agreed to allow an additional six months to join parties or amend pleadings. Claimant Ye Gon will oppose c any additional claimants or amended pleadings.

    3. Both the Government and Claimant Wong do not believe his case should be assigned to a Magistrate Judge. Claimant Ye Gon, however, believes this case should be assigned to a Magistrate as Claimant Ye Gon intends to shortly serve the

Government with discovery and a Magistrate may become necessary to adjudicate any discovery related disputes.

    4.  The parties have not yet had the opportunity to engage in substantive settlement discussion.  All parties agreed that settlement at this stage does not seem likely, although the prospect for settlement is much greater after the conclusion of the related criminal case.

    5.  At the present time, the parties do not believe that referral to mediation would be helpful.

    6.  At this time, the Government and Claimant Wong do not believe the case can be settled by summary judgment or motion to dismiss.  Claimant Ye Gon intends however, to file a dispositive motion at the close of discovery.

    7.  Pursuant to Rule 26(a)(1)(B), initial disclosures are not required in civil forfeiture cases, although the parties will endeavor to work cooperatively in preparing discovery and providing the most relevant documents at the initiation of discovery.

    8.  Both the Government and Claimant Wong anticipate that discovery will take approximately nine (9) months.  Claimant Ye Gon believes that discovery will take six (6) months from the latter of the end of the stay, if granted, or the conclusion of the criminal case and all ancillary proceedings.  Should the court decide not to grant the Government's motion to stay, Claimant Ye Gon believes that discovery will take nine (9) months.

    9.  Claimant Ye Gon reports that he intends to call expert witnesses.  Claimant Wong and the Government agree that the depositions of experts should occur within 90

days of the close of the discovery period whereas Claimant Ye Gon states that depositions of experts should occur within 30-45 days of the close of the discovery period.

      10. There are no class issues in this case.

      11. The parties believe that there is no need to bifurcate discovery or trial.

      12. Both the Government and Claimant Wong recommend that the pretrial conference should be scheduled for four (4) months after the close of the discovery period. Claimant Ye Gon states that the pretrial conference should be scheduled for thirty (30) days after the close of the discovery period.

      13. The parties recommend that the Court set a trial date at the pretrial conference.

      14. The Government states that as soon as the notice period has been completed and all relevant parties have been properly joined in this action, the Government will file a motion to stay this case pending the outcome of the criminal case and have notified both Claimants of this intent. The Government believes a stay is necessary in this case because of the two ongoing and related cases under indictment: U.S. v. Zhenli Ye Gon, 07-cr-00181 and U.S. v. Wong, 07-cr-00211. Claimant Ye Gon will oppose the stay. Counsel for Claimant Wong will consider its position and would like to see the motion before reaching a decision.

### Statement of the Case

This case is related to two criminal cases, U.S. v. Zhenli Ye Gon, 07-cr-00181 and U.S. v. Wong, 07-cr-00211, both in front of Judge Sullivan, wherein the defendant

properties are also subject to criminal forfeiture. The Government initiated this civil forfeiture action, alleging that the defendant properties are proceeds traceable to exchanges of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), and were involved in transactions, or attempted transactions, in violation of Sections 1956 and 1957 of Title 18, United States Code, or property traceable to such property, and are, therefore, subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

The Claimants have alleged that they own the property in question and that the property is not traceable to the proceeds of any crime.

Respectfully submitted,

RICHARD WEBER
Chief
Asset Forfeiture and
Money Laundering Section


_____/s/_____
LINDA M. SAMUEL, DC BAR #388970
ROBERT STAPLETON, NY BAR #4076568
U.S. Department of Justice
Criminal Division
Asset Forfeiture and
   Money Laundering Section
1400 New York Avenue, N.W., Suite 10100
Washington, D.C. 20530
(202) 514-1263

Attorneys for Plaintiff United States

G. Allen Dale
601 Pennsylvania Avenue, NW
Suite 900, North Building
Washington, DC 20004-2601
202-638-2900

Richard Barnett
105 West F Street 4th Floor
San Diego, CA 92101
619-231-1182

Attorneys for Claimant Michele Wong

Lisa D. Angelo, Esq.
Martin F. McMahon & Associates
1150 Connecticut Ave., N.W.
Washington, D.C. 20036
202-862-4343

Attorney for Claimant Zhenli Ye Gon